UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FREE SPEECH FOR PEOPLE, *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>FEDERAL ELECTION COMMISSION,<br><br>        Defendant. | Civil Action No. 22-666 (CKK) |

MEMORANDUM OPINION
(August 1, 2024)

The Federal Election Commission ("FEC" or "Defendant") dismissed an administrative complaint alleging violations of the Federal Election Campaign Act ("FECA" or "Act"). Plaintiffs Free Speech for People and Campaign for Accountability (collectively, "Plaintiffs") filed this lawsuit, arguing that the FEC's dismissal of their administrative complaint was "contrary to law." 52 U.S.C. § 30109(a)(8)(C); *see generally* Compl., ECF No. 1. Now pending before the Court is Defendant's [13-1] Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), arguing Plaintiffs' [1] Complaint fails to state a claim upon which relief can be granted because the FEC exercised prosecutorial discretion to dismiss Plaintiffs' administrative complaint. *See generally* Def.'s Mot., ECF No. 13-1. Plaintiffs oppose Defendant's motion in its entirety. *See generally* Pls.' Opp'n, ECF No. 24. Upon review of the briefing,[1] the relevant legal

---

[1] The Court's consideration has focused on the following:
- Plaintiffs' Complaint ("Compl."), ECF No. 1;
- Defendant's Motion to Dismiss ("Def.'s Mot."), ECF No. 13-1;
- Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss ("Pls.' Opp'n"), ECF No. 24;
- Defendant's Reply in Support of the Motion to Dismiss ("Def.'s Reply"), ECF No. 25; and
- Joint Appendix ("AR"), ECF No. 26.

1

authorities, and the administrative record,[2] the Court shall **GRANT** Defendant's Motion to Dismiss and **DISMISS** Plaintiffs' [1] Complaint in its entirety.

## I. BACKGROUND

### A. Regulatory Scheme

Congress enacted FECA "to limit spending in federal election campaigns and to eliminate the actual or perceived pernicious influence over candidates for elective office that wealthy individuals or corporations could achieve by financing the political warchests of those candidates." *Orloski v. Fed. Election Comm'n*, 795 F.2d 156, 163 (D.C. Cir. 1986) (citation omitted). The Act's 1974 amendments also created the FEC, which exercises jurisdiction over FECA and its implementing regulations. 52 U.S.C. § 30106.

Under FECA, any person can file a complaint with the FEC alleging a violation of the Act. *See id.* § 30109(a)(1) ("Any person who believes a violation of this Act . . . has occurred, may file a complaint with the Commission."). The agency will review the complaint, and any response provided by the respondent, before voting on whether it finds "reason to believe" a violation has occurred (or is about to occur). *Id.* § 30109(a)(2). If answered in the affirmative, the FEC will investigate the alleged violation(s). *Id.* The FEC's general counsel is authorized to submit a recommendation on whether an investigation should or should not be undertaken. *See id.* § 30109(a)(3). However, "an affirmative vote of four commissioners is required for the agency to initiate enforcement proceedings." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n* ("*New Models*"), 993 F.3d 880, 883 (D.C. Cir. 2021); *see also* 52 U.S.C. § 30109(a)(2). If there is a split vote of the commissioners (e.g., 3-3), then the investigation cannot proceed. *End Citizens*

---

[2] In accordance with Local Civil Rule 7(n), the parties have filed a Joint Appendix containing "copies of those portions of the administrative record that are cited or otherwise relied upon" in their pleadings. LCvR 7(n); *see* ECF No. 26. Citations to the administrative record shall include the pages numbers corresponding to the Joint Appendix and Administrative Record ("AR").

*United PAC v. Fed. Election Comm'n*, 90 F.4th 1172, 1176 (D.C. Cir. 2024). When there is a split (or deadlocked) vote, the commissioners who voted against enforcement—called the "controlling commissioners"—must file a "Statement of Reasons," explaining the basis for their (and by extension the FEC's) decision. *Id.* at 1176 n.2 (citation omitted); *see also Democratic Cong. Campaign Comm. v. Fed. Election Comm'n*, 831 F.2d 1131, 1132 (D.C. Cir. 1987) (establishing the requirement for controlling commissioners to issue a statement of reasons).

If the FEC dismisses an administrative complaint, "[a]ny party aggrieved" by the dismissal "may file a petition" for judicial review. 52 U.S.C. § 30109(a)(8)(A). If the reviewing court determines that the FEC acted "contrary to law" in dismissing the FEC complaint, then the court may order the agency to "conform with such declaration within [thirty] days[.]" *Id.* § 30109(a)(8)(C). The "Statement of Reasons" by the controlling commissioners serves as the basis for which the district court assesses the dismissal of the complaint. *Common Cause v. Fed. Election Comm'n*, 842 F.2d 436, 449 (D.C. Cir. 1988).

### B. Plaintiffs' Administrative Complaint & Procedural History

On December 16, 2016, Plaintiffs filed an administrative complaint with the FEC against the Government of the Russian Federation ("Russian Federation") and Donald J. Trump for President, Inc. ("Trump Campaign"), alleging violations of FECA during the 2016 presidential election. Compl. ¶¶ 1–2. Plaintiffs then filed two amendments to their original complaint in May and June of 2017. *Id.* ¶ 35. In general, Plaintiffs' FEC complaint alleged that the Russian Federation, in an effort to influence the 2016 presidential election, "paid hackers to hack into Democratic National Committee servers and leak" information, "paid people to make social media posts," "paid for political advertisements," and failed to "disclose any of this spending." *Id.* ¶ 4.

The administrative complaint also alleged that "at least some of the Russian Federation's political spending was 'coordinated' with the Trump Campaign." *Id*.

On February 23, 2021, the FEC's Office of the General Counsel ("OGC") released its First General Counsel's Report ("Report"), which consolidated Plaintiffs' administrative complaint "with several other later-filed complaints by unrelated parties." *Id.* ¶¶ 56–58; *see* AR89–AR189, ECF No. 26. The Report recommended that the FEC find "reason to believe" that both the Russian Federation and the Trump Campaign violated FECA on several grounds. AR187–AR188. The Report further recommended that the FEC "[a]uthorize pre-probable cause conciliation with [the Trump Campaign][.]" AR188.

After reviewing the Report and recommendations therein, the FEC took several votes on April 22, 2021. First, the FEC split voted 3-3 on whether to find reason to believe that either the Russian Federation or the Trump Campaign had violated FECA.[3] Compl. ¶ 73. Next, the FEC voted by a 4-2 majority to dismiss the claims against the Russian Federation based on prosecutorial discretion.[4] *Id.* ¶ 74. Then, on a separate vote to dismiss the claims against the Trump Campaign based on prosecutorial discretion, the commissioners deadlocked 3-3.[5] *Id.* Finally, the FEC voted 6-0 to close the file as to both the Russian Federation and the Trump Campaign. *Id.* ¶ 75; *see also* AR271. On August 18, 2021, the FEC informed Plaintiffs of its decision to close the administrative file. Compl. ¶ 76.

After dismissing the FEC complaint in April 2021, the FEC published the documents related to Plaintiffs' administrative complaint on its website on February 18, 2022. *Id.* ¶ 83. The

---

[3] Commissioners Broussard, Walther, and Weintraub voted for finding reason to believe. AR269–AR270. Commissioners Cooksey, Dickerson, and Trainor voted against finding reason to believe. *Id.*
[4] Commissioners Broussard, Dickerson, Walther, and Weintraub voted for dismissal. AR270–AR271. Commissioners Cooksey and Trainor dissented. *Id.*
[5] Commissioners Cooksey, Dickerson, and Trainor voted to dismiss the Trump Campaign pursuant to the FEC's prosecutorial discretion. AR271. Commissioners Broussard, Walther, and Weintraub dissented. *Id.*

4

three commissioners who voted against finding reason to believe that the Trump Campaign violated FECA, and in favor of dismissal, issued a joint Statement of Reasons, dated November 22, 2021, explaining that they "voted to dismiss [all respondents, including the Trump Campaign,] as an exercise of prosecutorial discretion for two principal reasons."  AR343.  First, the commissioners considered their time and resource constraints within the relevant five-year statute of limitations, highlighting that the FEC waited over four years for the OGC's Report, was still awaiting the completion of ongoing investigations by others, and would require "significant resources" and overcoming "multifarious legal obstacles" to pursue an investigation.  *Id*.  Weighing the "vanishing odds of successful enforcement" and the costs to the agency, the commissioners explained that the "better course was dismissal."  *Id.*  Second, the commissioners believed that the FEC's interests had "already been vindicated by the investigations conducted by other parts of the federal government," and it was "an imprudent use of resources to duplicate other agencies' work."  *Id.*  Accordingly, the commissioners voted to dismiss the administrative complaint "as an exercise of prosecutorial discretion."  AR344.

On March 10, 2022, Plaintiffs initiated this lawsuit against Defendant, seeking declaratory and injunctive relief that the FEC's dismissal of Plaintiffs' administrative complaint was "contrary to law" under 52 U.S.C. § 30109(a)(8)(C).  *See generally* Compl.  Defendant subsequently filed the pending Motion to Dismiss, seeking dismissal of Plaintiffs' Complaint for failure to state a claim under Rule 12(b)(6).  *See generally* Def.'s Mot.  Plaintiffs oppose Defendant's Motion in its entirety.  *See generally* Pls.' Opp'n.  With the Motion fully briefed, the Court turns to its resolution.

## II.     LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint on grounds that it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A complaint

is not sufficient if it "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "In evaluating a motion to dismiss, the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of plaintiff." *Nat'l Postal Prof'l Nurses v. U.S. Postal Serv.*, 461 F. Supp. 2d 24, 27 (D.D.C. 2006) (PLF).

When considering a Rule 12(b)(6) motion, courts may consider "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint" or "documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119 (D.D.C. 2011) (internal quotation marks omitted) (quoting *Gustave–Schmidt v. Chao*, 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (RBW); *Hinton v. Corr. Corp. of Am.*, 624 F. Supp. 2d 45, 46 (D.D.C. 2009)). The Court may also consider documents in the public record of which the Court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

### III.  DISCUSSION

Defendant moves to dismiss Plaintiffs' Complaint under Rule 12(b)(6), arguing that the controlling commissioners (here, the three commissioners who voted against finding reason to believe a FECA violation occurred and in favor of dismissal) appropriately dismissed the FEC

6

complaint as to the Russian Federation and the Trump Campaign based on prosecutorial discretion, which renders the FEC's decision judicially unreviewable. *See* Def.'s Mot. at 26. Plaintiffs, in response, do not challenge the FEC's dismissal of their administrative complaint as to the Russian Federation, recognizing that the FEC voted 4-2 for dismissal based on its prosecutorial discretion.[6] Pls.' Opp'n at 39. Plaintiffs do, however, argue that the FEC's dismissal of their claims against the Trump Campaign is judicially reviewable because the agency failed to obtain a majority vote to dismiss pursuant to prosecutorial discretion. *Id.* at 27.

Under FECA, a party "aggrieved" by an FEC dismissal may file a petition for review with a district court, and the district court may "declare that the dismissal of the complaint or the failure to act is contrary to law." 52 U.S.C. § 30109(a)(8)(A) & (C); *see also New Models*, 993 F.3d at 883; *End Citizens United PAC*, 90 F.4th at 1177 n.3 ("FECA commits nonenforcement decisions to the Commission's discretion except to the extent that they are 'contrary to law.'"). A dismissal is "contrary to law" under FECA if: (1) the agency dismissed the complaint "as a result of an impermissible interpretation" of the Act; or (2) the agency's dismissal, "under a permissible interpretation of the statute, was arbitrary or capricious, or an abuse of discretion." *Ends Citizens United PAC*, 90 F.4th at 1177–78 (quoting *Orloski*, 795 F.2d at 161).

Notwithstanding FECA's "contrary to law [judicial] review" provision, the FEC may dismiss an administrative complaint as an exercise of the agency's prosecutorial discretion. *Id.* at 1178. Courts have long recognized "the general unsuitability for judicial review of agency

---

[6] In their opposition, Plaintiffs sought to preserve two arguments—(1) a non-majority bloc cannot assert authority to exercise prosecutorial discretion, and (2) the FEC's dismissal of Plaintiffs' claims against the Russian Federation was contrary to law—pending an *en banc* rehearing of *Citizens for Responsibility & Ethics in Washington v. Federal Election Comm'n*, 993 F.3d 880 (D.C. Cir. 2021). *See* Pls.' Opp'n at 37–42. However, the D.C. Circuit denied the petition. *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 55 F.4th 918 (D.C. Cir. 2022) (per curiam). Consequently, this Court shall not consider Plaintiffs' additional arguments.

decisions to refuse enforcement." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). As recognized by the D.C. Circuit, the FEC's "exercise of its prosecutorial discretion cannot be subjected to judicial scrutiny." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n* ("*Comm'n on Hope*"), 892 F.3d 434, 440 (D.C. Cir. 2018). An FEC dismissal is reviewable by courts "only if the decision rests *solely* on legal interpretation." *New Models*, 993 F.3d at 884; *id.* at 885 ("[I]f the Commission declines an enforcement based *entirely* on its interpretation of the statute such decision might be reviewable."). Conversely, an FEC dismissal is unreviewable if it "turn[s] in whole or in part on enforcement discretion." *End Citizens United PAC*, 90 F.4th at 1178 (quoting *New Models*, 993 F.3d at 894) (alterations in original). If a lawsuit seeks judicial review of an FEC dismissal that was based, even in part, on prosecutorial discretion, then the plaintiff's complaint has failed to state a claim upon which relief can be granted under Rule 12(b)(6). *Id.* at 1181 (citation omitted) ("The non-reviewability of prosecutorial discretion under *Chaney* is not jurisdictional; rather, it deprives the plaintiff of a cause of action.").

For the reasons set forth below, the Court concludes that the FEC's controlling commissioners did properly assert prosecutorial discretion, and therefore the dismissal of Plaintiffs' claims against the Trump Campaign is not judicially reviewable under controlling D.C. Circuit precedent. *See generally End Citizens United PAC*, 90 F.4th 1172.

### A. Majority Vote

To determine whether the FEC's dismissal of Plaintiffs' claims regarding the Trump Campaign is judicially reviewable, this Court must first address Plaintiffs' contention regarding the votes conducted by the FEC. Plaintiffs claim that when the FEC conducts a vote to dismiss an administrative complaint, "that motion must garner a majority vote if the Commission is to exercise its [prosecutorial discretion] power." Pls.' Opp'n at 28–29. The Court disagrees.

8

While enforcement proceedings can only commence by "an affirmative vote of four commissioners," *New Models*, 993 F.3d at 883; *see* 52 U.S.C. § 30109(a)(2), a vote to dismiss pursuant to the FEC's prosecutorial discretion is not a vote to initiate enforcement proceedings. Dismissal of an FEC complaint can hinge on the FEC's "reason to believe" vote. *See End Citizens United PAC*, 90 F.4th at 1183 ("[T]he three controlling commissioners determined there was no reason to believe impermissible coordination had occurred. With a deadlocked Commission and short of the four votes necessary for an investigation, dismissal was required under FECA."); *see also Pub. Citizen, Inc. v. Fed. Energy Regul. Comm'n*, 839 F.3d 1165, 1170 (D.C. Cir. 2016) (explaining that FECA "compels [the] FEC to dismiss complaints in deadlock situations.").

As the D.C. Circuit made clear, if three commissioners vote to find reason to believe that a violation occurred and the other three commissioners vote to dismiss, the administrative complaint is viewed as a dismissal. *End Citizens United PAC*, 90 F.4th at 1176. A majority vote is not required to dismiss a complaint. *Id.* at 1183. In this case, when voting on Plaintiffs' FEC complaint against the Trump Campaign, the FEC deadlocked with a 3-3 vote on whether to find reason to believe the violations had occurred and then again on whether to dismiss. AR269–AR271. It is of no legal significance whether the FEC combines a reason-to-believe vote with a vote to dismiss an administrative complaint, or whether they take two separate votes. *See New Models*, 993 F.3d at 883 ("Because there were only two votes in favor of moving forward with an enforcement action against New Models, the [FEC] dismissed CREW's complaint."). Accordingly, the FEC's decision pertaining to the Trump Campaign was a dismissal that did not require a majority vote. *See End Citizens United PAC*, 90 F.4th at 1183; *Pub. Citizen, Inc.*, 839 F.3d at 1170.

B. **Controlling Commissioners**

Plaintiffs next argue that under D.C. Circuit precedent, "when courts review the rationale for the FEC's failure to adopt a motion by a 3-3 deadlock, the FEC's rationale is deemed to be that of the three commissioners who *opposed* the motion." Pls.' Opp'n at 32. Under Plaintiffs' view, the "controlling commissioners" (of a deadlocked vote) are those who oppose any action by the FEC. *Id.* Therefore, Plaintiffs maintain that the three commissioners who voted against dismissal of the administrative complaint as to the Trump Campaign are the controlling commissioners in that vote. *Id.* at 33. Plaintiffs' argument, however, is premised on an incorrect reading of D.C. Circuit precedent.

When the FEC lacks the four votes necessary to proceed with an investigation, "the commissioners who voted against enforcement must 'state their reasons why.'" *New Models*, 993 F.3d at 883 n.3 (quoting *Democratic Cong. Campaign Comm.*, 831 F.2d at 1132). The reasons offered by these "so-called 'controlling Commissioners'" are then "treated as if they were expressing the [FEC's] rationale for dismissal." *Id.* (quoting *Comm'n on Hope*, 892 F.3d at 437); *see also Fed. Election Comm'n v. Nat'l Rep. Senatorial Comm.*, 966 F.2d 1471, 1476 (D.C. Cir. 1992) ("[T]o make judicial review a meaningful exercise, the three Commissioners who voted to dismiss [in a deadlock situation] must provide a statement of their reasons for so voting."). This procedure serves to fit circumstances in which the FEC lacks the requisite four votes in favor of proceeding with an enforcement action. *See Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n*, 380 F. Supp. 3d 30, 35 (D.D.C. 2019) (RC), *aff'd*, 993 F.3d 880 (D.C. Cir. 2021) ("If the Commissioners deadlock on a 'reason to believe' vote, they may vote to dismiss the administrative complaint that prompted the vote . . . . At that point, as happened here, the Commissioners who voted not to proceed with the matter (the 'Controlling Commissioners') must issue a statement

explaining their reasons."). The D.C. Circuit has not applied Plaintiffs' interpretation of "controlling commissioners," and this Court declines to do so here. *See End Citizens United PAC*, 90 F.4th at 1176 n.2 ("The commissioners voting against enforcement are called 'controlling commissioners,' and their stated reasons are treated as if they were expressing the Commission's rationale for dismissal." ); *Fed. Election Comm'n*, 966 F.2d at 1476 (stating the "controlling" commissioners are those who "voted to dismiss" after a 3-3 deadlock).

In this case, the FEC failed by a vote of 3-3 to find reason to believe that the Trump Campaign had violated FECA, Compl. ¶ 73, and then failed by a vote of 3-3 to dismiss the claims against the Trump Campaign, *id*. ¶ 74. In accordance with D.C. Circuit precedent, the three commissioners in this case who voted against finding reason to believe, and voted in favor of dismissal, constitute the "controlling commissioners." *See End Citizens United PAC*, 90 F.4th at 1176 n.2; *Fed. Election Comm'n*, 966 F.2d at 1476.

### C. Prosecutorial Discretion

The remaining issue for the Court to decide is whether the three controlling commissioners (i.e., the three commissioners who voted against finding reason to believe and in favor of dismissal) invoked the FEC's prosecutorial discretion when dismissing the administrative complaint as against the Trump Campaign. Plaintiffs concede that the three commissioners who voted against finding reason to believe invoked prosecutorial discretion as the basis for voting as such. *See* Pls.' Opp'n at 24. As determined above, these three commissioners are the controlling commissioners because they voted against the enforcement action and in favor of dismissal. *End Citizens United PAC*, 90 F.4th at 1176 n.2; *Fed. Election Comm'n*, 966 F.2d at 1476. .

Critically, the controlling commissioners issued a Statement of Reasons, explaining why they "voted to dismiss [the Trump Campaign] as an exercise of prosecutorial discretion." AR343.

They considered timing restraints given the "waning limitations period," "legal obstacles . . . that would have further delayed action," the "significant resources" required to undertake such an investigation, and "the vanishing odds of successful enforcement" due to these barriers before concluding "the better course was dismissal." *Id.* The controlling commissioners further explained their support for dismissal by stating their belief that "the [FEC's] interests have already been vindicated by the investigations conducted by other parts of the federal government," including the Special Counsel, relevant committees of the U.S. Senate and the U.S. House of Representatives, and the Office of the Director of National Intelligence, and that another investigation would be "unlikely to benefit" the public and "an imprudent use of resources to duplicate other agencies' work." AR343–AR344.

Considering the explanations provided in the Statement of Reasons, the Court concludes that the dismissal of Plaintiffs' FEC complaint is not subject to review because the controlling commissioners exercised their prosecutorial discretion. *See End Citizens United PAC*, 90 F.4th at 1178 ("Prioritizing particular cases and considering limited time and resources are quintessential elements of prosecutorial discretion."). The controlling commissioners explained their reasoning for deprioritizing the matter, as the investigation would face legal obstacles, lengthen an unfeasibly short timeline, expend limited and costly resources, and only minimally benefit the public because of the duplicative nature of the investigation. *See generally* AR342–AR344. These are appropriate considerations when determining whether to assert prosecutorial discretion. *See End Citizens United PAC*, 90 F.4th at 1178. Accordingly, the FEC's dismissal in this case was an exercise of the agency's prosecutorial discretion, and therefore cannot be subject to judicial review. *Id.* at 1178–79. Consequently, Plaintiffs' Complaint must be dismissed under Rule 12(b)(6) for failure

to state a claim. *See id.* at 1181 (citation omitted) (explaining that the exercise of prosecutorial discretion "deprives the plaintiff of a cause of action.").

## IV.   CONCLUSION

For the foregoing reasons, the Court shall **GRANT** Defendant's Motion to Dismiss and **DISMISS** Plaintiffs' Complaint in its entirety.  An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge
